UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PILL,<br>Plaintiff,<br>v.<br>CHARLES LIANG, et al.,<br>Defendants. | Case No. 26-cv-04775-JSC<br><br>**ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL, AND STAYING PROCEEDINGS**<br><br>Re: Dkt. Nos. 36, 45, 48 |
| JOSEPH CEPEDA,<br>Plaintiff,<br>v.<br>CHARLES LIANG, et al.,<br>Defendants. | Case No. 26-cv-07081-JSC |
| PRATCHI ROY,<br>Plaintiff,<br>v.<br>CHARLES LIANG, et al.,<br>Defendants. | Case No. 26-cv-08757-JSC |
| STANFORD CHEN,<br>Plaintiff,<br>v.<br>CHARLES LIANG, et al.,<br>Defendants. | Case No. 26-cv-11996-JSC |

United States District Court
Northern District of California

Pending before the Court are several motions to consolidate, and to appoint lead plaintiffs and lead counsel in, four shareholder derivative lawsuits against Defendants Super Micro Computer Inc. and certain officers and directors of the company. (Dkt. Nos. 36, 45, 48.)[1,2] The motions to consolidate are unopposed, leaving effectively two competing motions to appoint lead plaintiff and counsel.[3] After carefully considering the parties' submissions, and having had the benefit of oral argument on November 19, 2026, the Court consolidates *Pill v. Liang*, Case No. 3:26-cv-04775-JSC; *Cepeda v. Liang*, Case No. 3:26-cv-07081-JSC, *Roy v. Liang*, Case No. 3:26-cv-08757-JSC; and *Chen v. Liang*, et al., Case No. 4:26-cv-11996-JSC). Additionally, the Court appoints David Pill and Joseph Cepeda as lead plaintiffs, and appoints their counsel, Robbins LLP and Weiss Law, as co-lead counsel.

## BACKGROUND

Plaintiffs bring these four stockholder derivative actions on behalf of nominal defendant Super Micro Computer, Inc. ("Super Micro") against its Chief Executive Officer ("CEO"), Chairman and President; its former Senior Vice President of Business Development, and the members of the Company's Board of Directors (the "Board", and collectively with the Company's officers, the "Individual Defendants") for breaches of fiduciary duties, unjust enrichment, and violations of federal securities laws, among other claims. (*Pill v. Liang*, Case No. 3:26-cv-04775-JSC, Dkt. No. 1 at 1-2; *Cepeda v. Liang*, Case No. 3:26-cv-07081-JSC, Dkt. No. 1 ¶ 1; *Roy v. Liang*, Case No. 3:26- cv-08757-JSC, Dkt. No. 1 at 2; *Chen v. Liang, et al.*, Case No. 3:26-cv-11996-JSC, Dkt. No. 1 at 1-2). Super Micro "designs, manufactures, and sells high-performance servers, storage systems, and related hardware used by enterprises for artificial intelligence ("AI"), cloud computing, and data-center operations." (Dkt. No. 1 ¶ 2.)

The competing lead plaintiffs—David Pill, Joseph Cepeda, Pratchi Roy, and Stanford Chen—are individuals who owned Super Micro stock during the relevant period. (*See* Dkt. No. 1

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Unless otherwise indicated, record citations are to the docket report in *Pill v. Liang*, Case No. 3:26-cv-04775-JSC.
[3] Plaintiff Roy initially sought appointment of Brown Law as Lead Counsel but did not seek designation of a lead plaintiff. (*See* Dkt. No. 36.)

¶ 5, 19.) During this period, Defendants allegedly made several false or misleading statements to stockholders, "conceal[ing] the lack of adequate internal controls over export-control compliance[ ] and the active export-control violations driving a material portion of the Company's reported sales growth." (*Id.* ¶ 5.) On March 19, 2026, the United States Attorney's Office for the Southern District of New York "announced that a federal grand jury had returned an indictment charging Defendant Liaw and two of his co-conspirators with conspiracy to commit export-control violations." (*Id.* ¶ 10.) In response to the disclosures, "the price of Super Micro's common stock declined $10.26 per share, or approximately 33%, wiping out billions of dollars in stockholder value in a single trading session." (*Id.* ¶ 11.) A federal securities class action was filed in this Court, against Super Micro, on behalf of investors who purchased Super Micro stock while the Individual Defendants were publishing misleading statements about Super Micro's compliance with U.S. export-control laws and the sources of its sales growth. *See In re Super Micro Computer, Inc. Securities Litigation*, No. 3:26-cv-02606-JSC. The competing lead plaintiffs then began filing related shareholder derivative actions. Weiss Law commenced the first-filed action on behalf of Pill on May 19, 2026, followed by Robbins LLP ("Robbins") on behalf of Cepeda on July 10, 2026, the Brown Law Firm, P.C. ("Brown") on behalf of Roy on August 21, 2026, and the Rosen Law Firm ("Rosen") on behalf of Chen on October 15, 2026.

Robbins and Weiss Law allege they then "led negotiations regarding initial scheduling, case management, and service of the complaints, and drafted a Stipulation and Proposed Order for Consolidation for the related stockholder derivative actions pending before this Court." (Dkt. No. 50 (Declaration of David C. Katz) ¶ 14.) The two firms further allege they "repeatedly attempted to negotiate a leadership structure that would facilitate the effective representation of Super Micro's interests and capture the efficiencies promised by consolidation through effective coordination of litigation efforts and streamlined communications with the Court and defense counsel" and "engaged with counsel for plaintiff Pratchi Roy in an effort to agree on a leadership structure." (Id. ¶ 15.) In the midst of the plaintiffs' discussions, however, Roy reversed course and moved unilaterally for the appointment of Brown as lead counsel. (*See* Dkt. No. 36; Dkt. No. 47 (Declaration of Shane P. Sanders) ¶ 7.) Plaintiff Stanford Chen subsequently filed a motion to

intervene and cross-motion to consolidate the related derivative actions, appoint lead counsel, and appoint lead plaintiffs. (Dkt. No. 45). Pill and Cepeda then cross-moved for an order to appoint themselves as co-lead plaintiffs and appoint Robbins and Weiss Law as co-lead counsel. (Dkt. No. 48.)

Proposed co-lead plaintiff Cepeda currently holds 2,861 shares of Super Micro stock valued at more than $100,000 and has held shares of Super Micro common stock continuously since November 6, 2024. (Dkt. No. 51 (Declaration of Joseph Cepeda) ¶ 3.) Pill holds 200 shares of Super Micro stock, and has held shares of Super Micro common stock continuously since March 19, 2024. (Dkt. No. 52 (Declaration of David Pill) ¶ 3.) Both Cepeda and Pill committed to retaining their holdings for the pendency of this litigation. (Dkt. No. 51 ¶ 3; Dkt. No. 52 ¶ 3.)

Proposed co-lead plaintiff Roy currently owns 400 shares of Super Micro stock and has held shares of Super Micro common stock continuously since August 7, 2024. (*Roy v. Liang*, Case No. 3:26- cv-08757-JSC, Dkt. No. 28 at 2.) Chen currently holds 210 Super Micro shares and has held shares continuously since September 2021. (*See Chen v. Liang, et al*., Case No. 3:26-cv-11996-AMO, Dkt. No. 1 ¶ 25.)

## DISCUSSION

### I. MOTIONS TO CONSOLIDATE

Each Plaintiff moves to consolidate four related cases: *Pill v. Liang*, Case No. 3:26-cv-04775-JSC; *Cepeda v. Liang*, Case No. 3:26-cv-07081-JSC; *Roy v. Liang*, Case No. 3:26- cv-08757-JSC; and *Chen v. Liang*, et al., Case No. 4:26-cv-11996-JSC. Federal Rule of Civil Procedure 42 governs consolidation of cases. Rule 42(a) provides the Court may consolidate actions before it that "involve a common question of law or fact," Fed. R. Civ. P. 42(a), and "[t]he district court has broad discretion [ ] to consolidate cases pending in the same district." *Inv'rs Res. Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether consolidation is appropriate, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

The Court grants the parties' unopposed motions to consolidate. The underlying actions

are all stockholder derivative actions filed on behalf of Super Micro and arise from substantially similar facts and circumstances, assert derivative claims against substantially the same defendants, and involve common issues of law and fact. Specifically, each action alleges that certain Super Micro officers and directors breached their fiduciary duties and violated federal securities laws by causing or permitting the Company to circumvent U.S. export-control laws, maintain deficient compliance controls, and make false or misleading statements concerning Super Micro's operations and financial condition. (*Pill v. Liang*, Case No. 3:26-cv-04775-JSC, Dkt. No. 1 ¶¶ 1-14; *Cepeda v. Liang*, Case No. 3:26-cv-07081-JSC, Dkt. No. 1 ¶¶ 1-10; *Roy v. Liang*, Case No. 3:26- cv-08757-JSC, Dkt. No. 1 ¶¶ 1-16; *Chen v. Liang*, et al., Case No. 4:26-cv-11996-JSC, Dkt. No. 1 ¶¶ 1-16). Indeed, the Court has already recognized the substantial factual and legal overlap among these proceedings by relating the actions to the same *In re Super Micro, Inc. Securities Litigation*, No. 3:26-cv-02606-JSC. (*See Roy v. Liang*, Case No. 3:26- cv-08757-JSC, Dkt. No. 20 (ordering relating case to *In re Super Micro, Inc. Securities Litigation*); *Pill v. Liang*, Case No. 3:26-cv-04775-JSC, Dkt. No. 16 (same); *Cepeda v. Liang*, Case No. 3:26-cv-07081-JSC, Dkt. No. 11 (same); *Chen v. Liang*, et al., Case No. 4:26-cv-11996-JSC, Dkt. No.28 (same).) "Consolidation is also appropriate because it would save significant time and effort litigating [four] separate cases, which dwarfs any inconvenience or delay." *See Bhuva v. Super Micro Computer, Inc.*, No. 26-CV-02606-JSC, 2026 WL 2021000, at *3 (N.D. Cal. July 13, 2026).

## II. COMPETING MOTIONS FOR LEAD PLAINTIFF AND COUNSEL

Under Federal Rule of Civil Procedure 23.1, "a district court has the inherent authority to appoint lead counsel and/or lead plaintiff as long as the plaintiff "fairly and adequately represent[s] the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." *City of Hollywood Firefighters' Pension Sys. v. Wells Fargo & Co.*, No. 23-CV-02445-JST, 2024 WL 24332, at *1 (N.D. Cal. Jan. 2, 2024); *see* Fed. R. Civ. P. 23.1(a)). For purposes of Rule 23.1, "[a]n adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the [other shareholders]." *Larson v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990). "District courts regularly (but are not required to) appoint lead counsel [and



United States District Court
Northern District of California

United States District Court
Northern District of California

lead plaintiffs]" in complex consolidated derivative shareholder suits. *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *6-7 (N.D. Cal. 2013) (citing *Vincent v. Hughes Air West, Inc.,* 557 F.2d 759, 774 (9th Cir.1979) and *Hacker v. Peterschmidt,* 2006 WL 2925683, at *5 (N.D. Cal. Oct.12, 2006)).

**A. Lead Plaintiff**

To assess a proposed lead plaintiff's adequacy, the Court considers: "(1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; (5) the lack of any personal commitment to the action on the party of the representative plaintiff; (6) the remedy sought by plaintiff in the derivative action; (7) the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; and (8) plaintiff's vindictiveness toward the defendants." *Nicolow*, 2013 WL 792642, at *7 (citing *Larson*, 900 F.2d at 1367). Courts also consider the factors found in the PSLRA and the Manual for Complex Litigation, "such as the quality of the plaintiff's pleadings, the vigorousness of the plaintiff's efforts, the size of the plaintiff's financial interest, and a general preference for institutional investors." *Id.*

Here, the parties dispute whether the Court should appoint Pill and Cepeda or Roy and Chen as co-lead plaintiffs (Dkt. No. 36, 48.) The balance of factors supports appointing Pill and Cepeda. All four plaintiffs hold at least 200 shares of Super Micro stock and have continuously held Super Micro stock for part or all of the relevant period. And contrary to Roy and Chen's allegations, Cepeda and Pill held Super Micro stock at the time of the conduct on which their claims principally rest, as required by Federal Rule of Civil Procedure 23.1. Notably, Cepeda also has by far the largest financial stake, with 2,861 shares valued at over $100,000. (Dkt. No. 48 at 14; Dkt. No. 51 ¶ 3.) This is not dispositive but nonetheless supports appointing Cepeda as a co-lead plaintiff. *See In re Foundry Networks, Inc. Derivative Litig.*, 2007 WL 485974, at *1 (N.D. Cal. Feb. 12, 2007) (appointing movant as lead plaintiff because, among other things, movant had largest stockholdings). More importantly, both Pill and Cepeda submitted personal declarations in

United States District Court
Northern District of California

support of their leadership motion, attesting to their substantial ownership of Super Micro stock and the date on which they first purchased the stock; their continuous holding of Super Micro stock, understanding of derivative standing requirements, and intention to continue to hold Super Micro stock throughout the course of this litigation; their understanding of what is at issue in this derivative litigation brought on behalf of Super Micro; the fact that they were and are motivated by the desire to protect Super Micro's long-term value; their willingness and ability to serve as a lead plaintiffs; their familiarity with their counsel's track record in derivative litigation; and their intention to continue to work closely with their counsel and to stay involved in the litigation. (Dkt. Nos. 51, 52.)

In contrast, Roy did not move for appointment as lead plaintiff or submit a declaration in support of her initial lead counsel motion and only did so after the Cepeda-Pill Plaintiffs' motions and declarations were filed. Roy is also a member of the Roy family, whose members have filed at least 24 stockholder derivative actions, over 16 of them filed by the same law firm Brown. (Dkt. No. 47 (Declaration of Shane P. Sanders) ¶ 15.) "Professional plaintiffs" may not adequately represent the interests of stockholders in enforcing the right of Super Micro. *In re JPMorgan Chase & Co. S'holder Derivative Litig.*, No. 08 CIV. 974 (DLC), 2008 WL 4298588, at *1 (S.D.N.Y. Sept. 19, 2008).

Because Pill and Cepeda have more successfully demonstrated their "capacity to vigorously and conscientiously prosecute a derivative suit," *Larson*, 900 F.2d at 1367, the Court appoints Pill and Cepeda as co-lead plaintiffs.

**B. Lead Counsel**

The Court's "guiding principle" in selecting lead counsel is who will "best serve the interest of the plaintiffs." *In re Apple Inc. S'holder Derivative Litig.*, No. 19-CV-05153-YGR, 2020 WL 3507426, at *1 (N.D. Cal. June 29, 2020) (citations omitted). Relevant factors include (1) the capabilities of counsel; (2) the vigor of prosecution; and (3) the quality of the pleadings. *Easton v. Bailey*, 2013 WL 12323847, at *1 (C.D. Cal. Jan. 4, 2013).

Here, Robbins and Weiss Law, who are the co-lead plaintiffs' attorneys, are more experienced and well qualified to vigorously litigate the consolidated action than either Brown or

United States District Court
Northern District of California

Rosen. *See Nicolow*, 2013 WL 792642, at *6-7 (N.D. Cal. Mar. 4, 2013) (considering factors including firms' "prior success record"). Each of the competing motions details the experience of proposed lead counsel in complex class and individual litigation, including in securities cases. Critically, Robbins and Weiss Law have "extensive experience [successfully] prosecuting shareholder derivative litigation," including significant recoveries as lead counsel or co-lead counsel for stockholders in dozens of major derivative securities actions. (Dkt. No. 48 at 15-21); *Hacker v. Peterschmidt*, 2006 WL 2925683, at *5 (N.D. Cal. Oct. 12, 2006); *see also In re Wells Fargo & Co. S'holder Derivative Litig.*, 2017 WL 130282, at *3 (N.D. Cal. Jan. 12, 2017). The record demonstrates both firms have the personnel, financial resources, and e-discovery infrastructure that complex securities litigation demands. Meanwhile, Brown appears to lack the necessary resources to vigorously litigate the consolidated action to the same degree. Brown is currently serving as lead or co-lead counsel in at least 65 actions, nearly 90% which are currently stayed, but has only seven lawyers at the firm. (*See* Dkt. No. 47 ¶ 10-11.) And neither Pill nor Cepeda could identify any cases in which Brown, serving as lead counsel, engaged in substantial discovery or defeated a motion for summary judgment. (*Id.*) Moreover, Brown can point to only three derivative actions in the firm's history where it recovered any money for the corporation. (*Id.*) And while Rosen may have more experience litigating securities actions than Brown, both have less experience, particularly in leadership roles, than Robbins and Weiss Law. At oral argument, Brown and Rosen did not dispute any of the factual statements in Pill or Cepeda's submissions.

The Court also considers the work performed by counsel in pursing the claims in their derivative actions thus far. *See In re Apple Inc.*, 2020 WL 3507426, at *1. Thus far, Robbins and Weiss Law have filed higher quality pleadings and appear able to devote more substantial resources to the litigation. Pill and Cepeda present persuasive evidence Robbins and Wess Law have expended significant efforts litigating the case up to this point. Weiss Law investigated and filed the first-filed action on behalf of Pill on May 19, 2026, quickly followed by Robbins, which filed a second-filed action on behalf of Cepeda on July 10, 2026. Robbins and Weiss Law obtained Super Micro's internal books and records, and led negotiations regarding initial

scheduling, case management, and service of the complaints, and drafted a Stipulation and Proposed Order for Consolidation for the related stockholder derivative actions pending before this Court. (Dkt. No. 47 (Declaration of Shane P. Sanders) ¶¶ 3-6; Dkt. No. 50 (Declaration of David C. Katz) ¶¶ 14-15). The two firms also "repeatedly attempted to negotiate a leadership structure that would facilitate the effective representation of Super Micro's interests and capture the efficiencies promised by consolidation through effective coordination of litigation efforts and streamlined communications with the Court and defense counsel." (Dkt. No. 50 ¶ 15.) In contrast, Brown has taken a variety of actions which raise doubt as to the firm's ability to responsibly litigate this consolidated action, including unilaterally seeking consolidation of the related derivative actions and appointment as lead counsel without meeting and conferring with Robbins and Weiss Law, as they requested, and after previously agreeing to a stipulation with Robbins and Weiss Law. (Dkt. No. 47 ¶¶ 5-9.) The Court is also not persuaded Brown's Section 220 demand on Super Micro is relevant to the appointment of lead counsel in this case, given Robbins and Weiss Law conducted substantial investigations in preparing Pill and Cepeda's complaints and Super Micro has now produced the same documents to Robbins and Weiss Law. (Dkt. No. 46 at 18-19.) And Chen's complaint, filed by Rosen seven months after the catalyzing federal indictment, appears largely copied from Brown's complaint, lending no further credibility to Rosen's capacity to litigate the consolidated derivative action relative to Brown's. This factor thus weighs heavily in Robbins and Weiss Law's favor.[4]

Accordingly, the Court appoints Robbins LLP and Weiss Law as Co-Lead Counsel in the consolidated actions.

**CONCLUSION**

As explained above, the Court consolidates the *Pill*, *Cepeda*, *Roy* and *Chen* actions; appoints Cepeda and Pill as co-lead plaintiffs; and appoints their counsel Robbins LLP and Weiss

[4] The Court also notes Roy's initial complaint failed to state how much Super Micro stock she owned and the dates she purchased the stock. Although the error was later corrected by Brown after they were alerted about the deficiency by Robbins and Weiss Law, this "pleading vulnerability casts doubt on [Roy's] arguments that [her] counsel is best suited to represent plaintiffs in this case. *In re Apple Inc.*, 2020 WL 3507426, at *2.

Law as co-lead counsel. This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as this action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a derivative case that properly belongs as part of this action is hereafter filed in this Court, reassigned to this Court, or transferred here from another court, Plaintiffs' counsel shall call to the attention of the Clerk of the Court the filing, reassignment, or transfer of any derivative case that might properly be consolidated as part of this action, and Plaintiffs' counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

Future filings in the derivative action shall be filed under the lead case number, 26-cv-04775-JSC, and be captioned *In Re Super Micro Computer, Inc. Derivative Litigation*.

This Order disposes of:

- Docket Nos. 36, 45, 48 in 26-cv-04775-JSC
- Docket Nos. 36, 39, 42 in 26-cv-07081-JSC
- Docket Nos. 26, 33, 36 in 26-cv-08757-JSC
- Docket No. 4 in 26-cv-11996-JSC.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California